IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JEFF N., AND M.N., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED HEALTHCARE INSURANCE COMPANY, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER:** <br> • **DENYING IN PART AND GRANTING IN PART [10] DEFENDANT'S MOTION TO DISMISS; AND** <br> • **GRANTING PLAINTIFFS LEAVE TO AMEND** <br><br> Case No. 2:18-cv-00710-DN-CMR <br><br> District Judge David Nuffer <br><br> Magistrate Judge Cecilia M. Romero |

This case involves claims under the Employee Retirement Income Security Act of 1974 ("ERISA") and the Mental Health Parity and Addiction Equity Act ("Parity Act") arising from the denial of coverage for Plaintiff M.N.'s treatment at Elevations Residential Treatment Center ("Elevations"), Open Sky Wilderness Therapy ("Open Sky"), and Solacium Sunrise Residential Treatment Center ("Sunrise").[1] Defendant United HealthCare Insurance Company ("United") served as an insurer and claims administrator for the insurance plan providing Plaintiffs' coverage ("the Plan") during the relevant time at issue.[2] United filed a Motion to Dismiss seeking to dismiss Plaintiffs' complaint in its entirety.[3] Specifically, Defendant argues Plaintiff Jeff N.'s individual claims should be dismissed because he lacks statutory and constitutional

---

[1] Plaintiffs' Complaint ("Complaint"), docket no. 2, filed Sept. 7, 2018.

[2] *Id.* at 1.

[3] Defendant's Motion to Dismiss Plaintiffs' Complaint ("Motion to Dismiss"), docket no. 10, filed Jan 10, 2019.

standing.[4] Defendant also argues Plaintiffs fail to plead sufficient facts to state a claim for violation of the Parity Act.[5] Plaintiffs responded and requested leave to file an amended complaint if the Motion to Dismiss is granted.[6] Defendant replied.[7]

Because Plaintiffs allege Jeff N. is a participant of the Plan and is entitled to reimbursement for out-of-pocket expenses under the terms of the Plan resulting from Defendant's denial of coverage for M.N.'s treatment, they have sufficiently alleged Jeff N.'s statutory and constitutional standing. However, because the allegations relating to Plaintiffs' Parity Act claim are conclusory and mere recitations of the law lacking factual support, they fail to state a claim on which relief may be granted. Therefore, Defendant's Motion to Dismiss[8] is DENIED in part and GRANTED in part. However, Plaintiffs are given leave to file an amended complaint correcting the deficiencies in their Parity Act claim.

## FACTUAL BACKGROUND

Jeff N. is the parent of M.N.[9] Jeff N. was a participant in the Plan and M.N. was a beneficiary of the Plan "at all relevant times".[10] The Plan provides group health benefits coverage for Jeff N. and M.N., and is a fully insured employee welfare benefits plan under ERISA.[11]

---

[4] *Id*. at 16-18.

[5] *Id*. at 10-16.

[6] Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint ("Response"), docket no. 12, filed Feb. 7, 2019.

[7] Defendant's Reply in Further Support of its Motion to Dismiss Plaintiffs' Complaint ("Reply"), docket no. 15, filed March 7, 2019.

[8] Docket no. 10, filed Jan. 10, 2019.

[9] Complaint ¶ 1.

[10] *Id*. ¶ 3.

[11] *Id*.

M.N. suffers from various mental health conditions and has a history of self-harm, suicide ideation, and suicide attempts.[12] M.N. entered Elevations on September 3, 2015, and stayed until June 29, 2017, when Jeff N. arranged her transport from Elevations to Open Sky.[13] After her stay at Open Sky, M. was admitted to Sunrise on August 17, 2017.[14] Elevations, Open Sky, and Sunrise are all licensed and accredited facilities in the State of Utah that provide treatment for adolescents with mental health or substance abuse conditions.[15]

United initially covered M.N.'s treatment at Elevations, but denied coverage from September 25, 2015 forward, giving the explanation that M.N.'s symptoms had become less severe.[16] United stated that because M.N. had no severe problems with daily function, she no longer met the guidelines for residential treatment and could be treated in a partial hospital program.[17] For a period of time during M.N.'s treatment at Elevations, the Plan was insured by a different company.[18] When United again became the insurer for the Plan, United authorized payment for M.N.'s treatment from January 1, 2017 to February 7, 2017, and denied coverage thereafter.[19]

When M.N. was admitted to Open Sky, United denied payment.[20] M.N.'s admittance to Sunrise on August 17, 2017 occurred with United's approval.[21] But United denied coverage from

---

[12] *Id*. ¶¶ 11-20.
[13] *Id*. ¶¶ 22, 43.
[14] *Id*. ¶ 50.
[15] *Id*. ¶ 4.
[16] *Id*. ¶ 25.
[17] *Id*.
[18] *Id*. ¶ 32.
[19] *Id*. ¶ 33.
[20] *Id*. ¶ 43.
[21] *Id*. ¶ 50.

September 5, 2017 forward.[22] The cumulative denial of benefits at the three facilities resulted in Jeff N. paying out-of-pocket expenses in excess of $340,000 for M.N.'s treatment.[23]

Jeff N. appealed each denial of coverage in several stages, and maintains that encountered difficulty in the processing of some of his appeals.[24] Jeff N. received no response to his Sunrise appeal.[25] Plaintiffs then initiated this case based on Defendant's continued denial of coverage for M.N.'s treatment at Elevations, Open Sky, and Sunrise.[26] Plaintiffs' Complaint alleges two causes of action: (1) claim for benefits pursuant to ERISA under 29 U.S.C. § 1132(a)(1)(B);[27] and (2) claim for violation of the Parity Act under 29 U.S.C. § 1132(a)(3).[28]

## DISCUSSION

Defendant seeks dismissal of Jeff N.'s individual claims and Plaintiffs' Parity Act claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[29] Dismissal is appropriate under Rule 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted.[30] Each cause of action must be supported by enough sufficient, well-pleaded facts to be plausible on its face.[31] In reviewing a complaint on a Rule 12(b)(6) motion to dismiss, factual allegations are accepted as true and reasonable inferences are drawn in

---

[22] *Id*. ¶ 51.

[23] *Id*. ¶ 65.

[24] *Id*. ¶¶ 26, 34-35, 40, 42, 44, 47-49.

[25] *Id*. ¶ 61.

[26] *Id*. ¶ 5.

[27] *Id*. ¶¶ 66-69.

[28] *Id*. ¶¶ 70-75.

[29] Motion to Dismiss at 2.

[30] Fed. R. Civ. P. 12(b)(6); *see Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[31] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

a light most favorable to the plaintiff.[32] However, "assertions devoid of factual allegations" that are nothing more than "conclusory" or "formulaic recitation" of the law are disregarded.[33]

### Plaintiffs sufficiently allege Jeff N.'s statutory and constitutional standing

Defendant argues that Jeff N. lacks statutory and constitutional standing to bring his individual claims.[34] Defendant first argues that Jeff N. lacks standing under ERISA because treatment benefits were denied only to M.N.[35] ERISA provides that a plan "participant or beneficiary" may bring suit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."[36]

Plaintiffs allege that Jeff N. is a participant of the Plan.[37] Plaintiffs further allege Jeff N. paid in excess of $340,000 in out-of-pocket expenses as a result of Defendant's denial of coverage for M.N.'s treatment at Elevations, Open Sky, and Sunrise, and that he is due reimbursement under the terms of the Plan.[38] Accepting Plaintiffs' allegations as true, they have sufficiently alleged Jeff N.'s standing under ERISA.[39]

Defendant next argues that Jeff N. lacks constitutional standing because he cannot show an injury-in-fact stemming from the alleged improper denial of benefits to M.N.[40] To establish

---

[32] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[33] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009).

[34] Motion to Dismiss at 16-18.

[35] *Id.* at 16.

[36] 29 U.S.C. § 1132(a)(1)(B).

[37] Motion to Dismiss at 4.

[38] Complaint ¶¶ 65, 76.

[39] *Wills v. Regence Bluecross Blueshield of Utah*, No. 2:07-cv-00616-BSJ, 2008 WL 4693581, *7 (D. Utah Oct. 23, 2008); *Lisa O. v. Blue Cross of Idaho Health Serv., Inc.*, No. 1:12-cv-00285-EJL-LMB, 2014 WL 585710, *2-3 (D. Idaho Feb. 14, 2014).

[40] Motion to Dismiss at 18.

Article III standing, a plaintiff must allege (1) an injury in fact that is (2) causally connected to the conduct complained of (3) that is likely to be redressed by the requested relief.[41]

Plaintiffs allege Jeff N. paid in excess of $340,000 for medical expenses incurred by M.N.'s treatment, which expenses should have been covered and are due to Jeff N. under the terms of the Plan.[42] These allegations are sufficient to show Jeff N. suffered an injury-in-fact (out-of-pocket expenses) that is causally connected to Defendant's conduct (improper denial of coverage) and redressable if he prevails on his claims.[43] Therefore, Plaintiffs have sufficiently alleged Jeff N.'s constitutional standing. Defendant's Motion to Dismiss[44] is DENIED as to the issue of Jeff N.'s standing.

### Plaintiffs fail to allege sufficient facts to state a claim under the Parity Act

Defendant argues that Plaintiffs fail to allege sufficient facts to state a claim under the Parity Act.[45] "Congress enacted the [Parity Act] to end discrimination in the provision of insurance coverage for mental health and substance use disorders as compared to coverage for medical and surgical conditions in employer-sponsored group health plans."[46] The Parity Act requires plans to ensure "treatment limitations applicable to mental health or substance use disorder benefits are no more restrictive than the predominant treatment limitations applied to substantially all medical and surgical benefits covered by the plan."[47]

---

[41] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

[42] Complaint ¶¶ 65, 76.

[43] *Wills*, 2008 WL 4693581, *8-9; *Lisa O.*, 2014 WL 585710, *3-4.

[44] Docket no. 10, filed Jan. 10, 2019.

[45] *Id*. at 10-16.

[46] *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 356 (2d Cir. 2016).

[47] 29 U.S.C. § 1185a(3)(A)(ii).

As recently recognized by another judge of this court, "there is no clear law on what is required to state a claim for a Parity Act violation."[48] Defendant emphasizes that the Plan does not establish terms that differentiate coverage between medical/surgical and mental health/substance use claims.[49] However, disparate treatment limitations that violate the Parity Act can be either *facial* (as written in the language or the processes of the plan) or *as-applied* (in operation via application of the plan).[50]

A claim for a facial Parity Act violation targets "the language of the plan or the processes of the plan that implementing guidelines require to be applied in a nondiscriminatory manner."[51] To sufficiently plead a facial claim, the plaintiff "must correctly identify [the plan's express] limitation and compare it to a relevant analogue."[52]

For an as-applied Parity Act violation claim, the plaintiff must allege that the plan is discriminatory in application.[53] "To state a plausible claim under [an as-applied] theory, a plaintiff may allege that a defendant differentially applies a facially neutral plan term."[54] "[A]t the very least, a plaintiff must identify the treatments in the medical [or] surgical arena that are analogous to the sought-after mental health [or] substance abuse benefit and allege that there is a disparity in their limitation criteria."[55]

---

[48] *Michael D. v. Anthem Health Plans of Ky., Inc.*, No. 2:17-cv-00675-JNP, 369 F. Supp. 3d 1159, 1174 (D. Utah 2019).

[49] Motion to Dismiss at 12-13.

[50] *Anne M. v. United Behavioral Health, No. 2:18-cv-00808-TS, 2019 WL 1989644, *2 (D. Utah May 6, 2019)*; *see also H.H. v. Aetna Ins. Co.*, No. 18-80773-CIV-MIDDLEBROOKS, 342 F. Supp. 3d 1311, 1319 (S.D. Fla. 2018); *A.Z. v. Regence Blueshield*, No. C17-1292-TSZ, 333 F. Supp. 3d 1069, 1081 (W.D. Wash. 2018).

[51] *Michael D.,* 369 F. Supp. 3d at 1175.

[52] *A.Z.,* 333 F. Supp. 3d at 1079.

[53] *Anne M.,* 2019 WL 1989644, *2

[54] *Id.*

[55] *Welp v. Cigna Health & Life Ins. Co.*, No. 17-80237-CIV-MIDDLEBROOKS, 2017 WL 3263138, *6 (S.D. Fla. July 20, 2017).

Plaintiffs claim that Defendant violated the Parity Act when it limited coverage of M.N.'s time spent at Elevations, Open Sky, and Sunrise.[56] Plaintiffs allege M.N.'s treatment at the three wilderness program facilities was medically necessary,[57] and that United should have used sub-acute treatment guidelines to evaluate M.N.'s residential treatment.[58] They further allege the Plan offers comparable medical or surgical benefits to M.N.'s treatment at Elevations, Open Sky, and Sunrise, including sub-acute inpatient treatment settings at skilled nursing facilities, inpatient hospice care, and rehabilitation facilities.[59] Plaintiffs also generally allege United does not exclude coverage for medically necessary care of medical or surgical conditions in the manner it excluded coverage for M.N.'s treatment at Elevations, Open Sky, and Sunrise.[60] Plaintiffs also allege that United used acute care requirements to deny coverage of the sub-acute treatment provided at Elevations, Open Sky, and Sunrise.[61]

However, these allegations fail to sufficiently state a claim under the Parity Act, facial or as-applied.[62] Instead of particularized allegations, Plaintiffs' Parity Act claim contains conclusory and formulaic recitations of the law lacking factual support. Plaintiffs fail to identify any express limitation in the Plan's language or processes that could constitute a facial Parity Act violation. For an as-applied Parity Act violation, Plaintiffs also fail to allege with specificity facts showing a disparity in Defendant's application of limitation criteria. Plaintiffs quote statutory language identifying types of limitation criteria, but they do not allege *how* a disparity arises

---

[56] Complaint ¶¶ 71-77.

[57] *Id.* ¶ 37, 45.

[58] *Id.* ¶ 54.

[59] *Id.* ¶¶ 60, 74.

[60] *Id.* ¶ 74.

[61] *Id.* ¶¶ 41, 45.

[62] *Anne M.*, 2019 WL 1989644, *3; *Kelly W. v. Anthem Blue Cross and Blue Shield*, N. 2:19-cv-00067-DB, 2019 WL 2393802, *3-5 (D. Utah June 6, 2019).

8

between criteria Defendant used to deny coverage for M.N.'s treatment and criteria for analogous medical or surgical treatment.

Under Federal Rule of Civil Procedure 8, defendants must have "fair notice" with regard to the claim and its grounds.[63] In addition, "factual allegations must be enough to raise a right to relief above the speculative level."[64] The conclusory allegation that limitation criteria for medically necessary care of medical or surgical conditions are not applied "in the manner" that Defendant excluded coverage for M.N.'s treatment does not suffice. Plaintiffs have listed elements of the Parity Act but have failed to make clear to Defendant which particular aspect they allege Defendant to have violated, and by what specific actions. Plaintiffs have also alleged a faulty limitation with respect to sub-acute mental health treatment facilities. But Plaintiffs have failed to show how that allegedly faulty limitation is disparate from limitations in comparable medical and surgical treatment facilities. In failing to make a comparison between limitation criteria for mental health treatment and limitation criteria for medical/surgical treatment, Plaintiffs' Complaint casts too broad a net. Therefore, Plaintiffs fail to allege sufficient specific facts to state a claim under the Parity Act. The proposed amended complaint,[65] which Plaintiffs attached to their Response, does not correct these deficiencies.

Defendant's Motion to Dismiss[66] is GRANTED as to Plaintiffs' Parity Act claim. But the claim will be dismissed without prejudice—Plaintiffs are given leave to file an amended complaint addressing the deficiencies in their Parity Act violation claim.

---

[63] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[64] *Id*.

[65] Response, Ex. A, docket no. 12, filed Feb. 7, 2019.

[66] Docket no. 10, filed Jan. 10, 2019.

## ORDER

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss[67] is DENIED in part as to standing and GRANTED in part as to Plaintiffs' Parity Act claim. That claim is DISMISSED without prejudice, but Plaintiffs are given leave to file a second amended complaint to correct the deficiencies in their Parity Act claim. Plaintiffs must file this second amended complaint no later than October 31, 2019.

Signed September 27, 2019.

BY THE COURT

David Nuffer
United States District Judge

---

[67] Defendant's Motion to Dismiss Plaintiffs' Complaint, docket no. 10, filed Jan 10, 2019.