IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JEFF N., and M.N.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE INSURANCE,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART [28] MOTION TO DISMISS**<br><br>Case No. 2:18-cv-00710-DBB-CMR<br><br>District Judge David Barlow |

For United Healthcare Insurance's (United) alleged denial of benefits under the employee welfare benefits plan (the Plan) on three separate occasions, Plaintiffs seek recovery asserting two causes of action. First, Plaintiffs request payment of benefits under the Employee Retirement Income Security Act (ERISA).[1] Second, Plaintiffs contend that, in the course of their adverse determinations, United violated the Mental Health Parity and Addiction Act (Parity Act).[2] In its motion to dismiss, Defendant denies liability for any claim arising "prior to January 1, 2017, because United was not and is not the proper party defendant for such claims."[3] And Defendant requests dismissal of Plaintiffs' Parity Act claim for Plaintiffs' failure to allege facts sufficient to support a violation.[4] Having considered the briefing and relevant law, Defendant's motion is granted in part and denied in part.[5] Accepting Plaintiffs' well-pleaded facts as true, the court

---

[1] Amended Complaint, ECF No. 19, ¶¶ 66–69; *see* 29 U.S.C. § 1132(a)(1)(B).

[2] The Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Act of 2008 (Parity Act). Pub. L. No. 110–343, Div. C §§ 511–12, 122 Stat. 3861, 3881, codified at 29 U.S.C. § 1185(a), and *id.* §§ 1001–1461 (ERISA); *see* 29 U.S.C. § 1132(a)(3) (authorizing, among other things, enforcement of the Parity Act "by a participant, beneficiary, or fiduciary").

[3] Defendant's Partial Motion to Dismiss Plaintiffs' Amended Complaint (Motion to Dismiss), ECF No. 28 at 9–11.

[4] *Id.* at 11–22.

[5] DUCiv R 7-1(f).

denies Defendant's motion to dismiss on liability grounds. Because Plaintiffs' Parity Act allegations are insufficient to state a claim for relief, however, Plaintiffs' Parity Act claim is dismissed.

## BACKGROUND[6]

Plaintiff M.N. is the child of Plaintiff Jeff N.[7] During the treatments at issue, United was the insurer and claims administrator over the Plan, of which Jeff N. was a participant and M.N. a beneficiary.[8] The Plan is a fully-insured employee welfare benefits plan under ERISA.[9] M.N. received treatment at three Utah-based facilities: Elevations Residential Treatment Center (Elevations), Open Sky Wilderness Therapy (Open Sky), and Solacium Sunrise Residential Treatment Center (Sunrise).[10] All three facilities are licensed providers of subacute treatment to adolescents with mental health or substance use issues.[11]

On September 26, 2015, United sent Plaintiffs a letter denying payment for treatment at Elevations from September 25, 2015, forward.[12] United based its determination on medical necessity, concluding that M.N. "[did] not present any severe problems with daily function" or "severe behavior problems or any other serious medical condition that requires 24-hour care."[13] A United reviewer denied Plaintiffs' level-one appeal, which denial was upheld by an external

---

[6] The court recites the factual allegations contained in the Amended Complaint. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007) ("[A] judge ruling on a defendant's motion to dismiss a complaint 'must accept as true all of the factual allegations contained in the complaint.'" (citation omitted)).

[7] Amended Complaint at ¶ 1.

[8] *Id.* at ¶¶ 2, 3.

[9] *Id.* at ¶ 3; *see generally* 29 U.S.C. § 1001 et. seq.

[10] *Id.* at ¶ 4.

[11] *Id.*

[12] *Id.* at ¶ 25.

[13] *Id.*

review agency.[14] During M.N.'s continued treatment at Elevations, the Plan was "insured by a different company" from March 1 to December 31, 2016.[15]

United again became insurer of the Plan beginning January 1, 2017,[16] and authorized payment for M.N.'s treatment at Elevations from January 1 to February 7, 2017.[17] As of February 8, however, United denied payment for continued treatment at Elevations observing M.N. did not pose "a danger to self or others."[18] Plaintiffs again unsuccessfully appealed United's adverse determination.[19] A United reviewer determined, among other things, that by February 8, 2017, treatment records "indicated the absence of continued acute impairment of behavior or cognition that interfered with her activities of daily living to the extent that her welfare or that of others was endangered."[20]

On June 29, 2017, Plaintiffs sought treatment for M.N. at Open Sky, a wilderness therapy program.[21] Approximately one week later, United denied payment for M.N.'s treatment at Open Sky, explaining that while M.N. "has some depression and anxiety" these did not appear "severe or serious or overwhelming."[22] United declined to process Plaintiffs' appeal, citing an untimely submission.[23]

---

[14] *Id.* at ¶¶ 29, 31.

[15] *Id.* at ¶ 32; *see also id.* ¶ 22 n.1 (noting that because "United was not responsible for the Plan during this timeframe," Plaintiffs do not seek recovery for costs incurred between March 1 and December 31, 2016).

[16] *Id.* at ¶ 33.

[17] *Id.*

[18] *Id.*

[19] *Id.* at ¶¶ 35, 39.

[20] *Id.* at ¶ 39.

[21] *Id.* at ¶¶ 43, 4.

[22] *Id.* at ¶ 43.

[23] *Id.* at ¶¶ 44–49.

On August 17, 2017, following treatment at Open Sky, M.N. was admitted to Sunrise with United's approval.[24] United denied payment for treatment at Sunrise on and after September 5, 2017, explaining, "There is no indication that acute stabilization is needed."[25] On January 5, 2018, Plaintiffs submitted an appeal of the adverse determination.[26] Having received no response regarding the appeal, Plaintiffs contacted United.[27] United initially informed Plaintiffs that it had no record of the appeal.[28] United subsequently acknowledged receiving the appeal papers, however, observing that it failed to "sen[d] them out for processing" and advising Plaintiffs the appeal would be processed.[29] As of October 2019, Plaintiffs had not received a response from United regarding the Sunrise appeal.[30]

Plaintiffs filed this case against United alleging ERISA and Parity Act claims.[31] United moved the court to dismiss Plaintiffs' Parity Act claim, which request this court granted.[32] Plaintiffs were granted leave, however, "to file an amended complaint correcting the deficiencies in their Parity Act claim."[33] Plaintiffs filed an Amended Complaint and Defendant filed the instant motion to dismiss.[34] Defendant contends that Plaintiffs have again failed to allege facts

---

[24] *Id.* at ¶ 50.

[25] *Id.* at ¶ 51.

[26] *Id.* at ¶¶ 52–60.

[27] *Id.* at ¶ 61.

[28] *Id.*

[29] *Id.*

[30] *Id.*

[31] *See generally* Complaint, ECF No. 2.

[32] *See generally* ECF Nos. 10, 12, 15, 18. Defendant also argued, unsuccessfully, that Jeff N.'s individual causes of action should be dismissed.

[33] Memorandum Decision and Order: Denying in Part and Granting in Part [10] Defendant's Motion to Dismiss; and Granting Plaintiffs Leave to Amend, ECF. No. 18 at 2; *Jeff N. v. United HealthCare Ins. Co.*, No. 2:18-CV-00710-DN-CMR, Slip Copy, 2019 WL 4736920, at *1 (D. Utah Sept. 27, 2019).

[34] Amended Complaint, ECF No. 19; Motion to Dismiss, ECF No. 28.

supporting the elements of a Parity Act claim.[35] And United argues it should not be liable to Plaintiffs for costs incurred by Plaintiffs prior to January 1, 2017 because "[c]ontrary to Plaintiffs' allegations, . . . United did not issue, insure, manage or otherwise administer Plaintiffs' Plan" until that date.[36]

**DISCUSSION**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[37] Dismissal is appropriate "when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted."[38] To be facially plausible, each claim must be supported by well-pleaded facts allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[39] A claim is deficient and subject to dismissal if a plaintiff offers in support only "labels and conclusions," "a formulaic recitation of the elements," or "naked assertions devoid of further factual enhancement."[40] Reviewing a motion to dismiss, the court construes the complaint in favor of the plaintiff.[41]

**I. Plaintiffs sufficiently allege Defendant's liability for pre-2017 claims.**

Defendant argues that the "portion" of Plaintiffs' claims incurred prior to 2017 must be dismissed because Plaintiffs' factual allegations are "not supported by the facts."[42] Specifically,

---

[35] Motion to Dismiss at 1.

[36] *Id.*

[37] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

[38] *Peter E. v. United HealthCare Servs., Inc.*, No. 2:17-CV-00435-DN, 2019 WL 3253787, Slip Copy at *2 (D. Utah July 19, 2019) (citing Fed. R. Civ. P. 12(b)(6)).

[39] *Iqbal*, 556 U.S. at 678.

[40] *Id.* (citations, brackets, and internal quotation marks omitted).

[41] *Ash Creek Min. Co. v. Lujan*, 969 F.2d 868, 870 (10th Cir. 1992).

[42] Motion to Dismiss at 4 n.5.

Defendant asserts "Oxford Health Insurance, Inc., not United, was responsible for administering and interpreting the terms of the [Plan]" prior to January 1, 2017.[43]

Rule 12(b)(6) permits dismissal of deficiently pled claims, not parts of claims.[44] A motion to dismiss does not authorize "piecemeal dismissals of parts of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief."[45] Here, Defendant requests precisely the piecemeal dismissal not contemplated by the rule—dismissal of only a portion of the liability, not the entire claim. Put differently, Defendant does not challenge the sufficiency of the claim, but the scope of the available relief.[46]

Plaintiffs have sufficiently pled Defendant's liability for denied benefits incurred prior to January 1, 2017. Plaintiffs allege "United . . . was the insurer and claims administrator for the insurance plan providing coverage for [Plaintiffs] . . . during the treatment at issue."[47] Under the circumstances, this is sufficient to avoid dismissal for failure to state a claim.[48]

Defendant also requests dismissal of the pre-2017 portion of Plaintiffs' claims for failure to join a necessary party.[49] Beyond its bare contention, however, Defendant fails to offer any analysis. For example, Defendant does not identify the factors to be considered in determining whether an absent party is indispensable, nor does Defendant apply those factors to the

---

[43] Motion to Dismiss at 10.

[44] *See* Fed. R. Civ. P. 12(b)(6).

[45] *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015).

[46] *See Fed. Trade Comm'n v. Nudge, LLC*, --- F.Supp.3d ----, No. 2:19-CV-00867, 2019 WL 7398678, at *12 (D. Utah Dec. 31, 2019).

[47] Amended Complaint at ¶ 2.

[48] *See Iqbal*, 556 U.S. 662 at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

[49] Motion to Dismiss at 10; *see* Fed. R. Civ. P. 12(b)(7).

circumstances of this case.[50] Consequently, Defendant has not carried its burden of establishing a basis for dismissal under Rule 12(b)(7), and the court denies Defendant's Motion to Dismiss on that basis.[51]

## II. Plaintiffs have not sufficiently alleged a Parity Act claim.

Defendant requests dismissal of Plaintiffs' second cause of action, which alleges Defendant violated the Parity Act.[52] Congress enacted the Parity Act "to end discrimination in the provision of insurance coverage for mental health and substance use disorders as compared to coverage for medical and surgical conditions in employer-sponsored group health plans."[53] The Parity Act requires "treatment limitations applicable to . . . mental health or substance use disorder benefits" be "no more restrictive than the predominant treatment limitations applied to substantially all medical and surgical benefits covered by the plan (or coverage) and there are no separate treatment limitations that are applicable only with respect to mental health or substance use disorder benefits."[54] In other words, "the Parity Act prevents insurance providers from writing or enforcing group health plans in a way that treats mental and medical health claims differently."[55]

---

[50] *See Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1411 (10th Cir. 1996) (explaining the two-part indispensable-party analysis, including the factors a court must consider in determining "whether the party is necessary to the suit").

[51] *See id.* (explaining that the "moving party has the burden of persuasion in arguing for dismissal" for failure to join an indispensable party).

[52] Motion to Dismiss at 11.

[53] *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 356 (2d Cir. 2016).

[54] 29 U.S.C.A. § 1185a(a)(3)(A)(ii); *see* 29 C.F.R. § 2590.712(c)(2)(i) (prohibiting a group health plan from applying "any financial requirement or treatment limitation to mental health or substance use disorder benefits in any classification that is more restrictive than the predominant financial requirement or treatment limitation of that type applied to substantially all medical/surgical benefits in the same classification").

[55] *David S. v. United Healthcare Ins. Co.*, No. 2:18-CV-803, 2019 WL 4393341, Slip Copy at *3 (D. Utah Sept. 13, 2019).

A plaintiff may succeed on a Parity Act claim by establishing that the benefits plan, on its face, discriminates against mental health treatment or coverage, or by showing that "the plan is discriminatory in application."[56] In this case, Plaintiffs' Parity Act claim is not based on the terms of the policy itself. Rather, Plaintiffs allege that Defendant applied otherwise neutral policy terms in a discriminatory way.[57] To state a Parity Act claim under an as-applied theory, a plaintiff must allege: (1) the relevant group health plan is subject to the Parity Act; (2) the plan provides both medical/surgical benefits and mental health/substance use disorder benefits; (3) the defendant applied a facially-neutral plan term more restrictively to limit mental health/substance use disorder benefits; and (4) defendant applied the same facially-neutral plan term to medical/surgical treatment in the same classification as—or at least analogous to—the mental health/substance use disorder treatment in question.[58] Here, United acknowledges the first two elements have been pled.[59] That is, the Plan is subject to the Parity Act and provides both

---

[56] *Peter E. v. United HealthCare Servs., Inc.*, No. 2:17-CV-00435-DN, 2019 WL 3253787, Slip Copy at *3 (D. Utah July 19, 2019); *Anne M. v. United Behavioral Health*, No. 2:18-CV-808-TS, 2019 WL 1989644, Slip Copy at *2 (D. Utah May 6, 2019); *see also* 29 C.F.R. § 2590.712(c)(4)(i) (prohibiting a health plan from imposing nonquantitative treatment limitations more stringently to mental health and substance use disorder benefits than comparable medical/surgical benefits "under the terms of the plan (or health insurance coverage) as written" or "in operation, any processes, strategies, evidentiary standards, or other factors used in applying the [limitation]").

[57] *See* Amended Complaint at ¶¶ 81–83.

[58] 29 U.S.C.A. § 1185a(a)(3)(A)(ii) (requiring mental health and substance use disorder treatment be "no more restrictive" than medical surgical benefits); 29 C.F.R. § 2590.712(c)(2)(i) (prohibiting limitations to mental health and substance use disorder financial requirements or treatments "that is more restrictive than the predominant financial requirement or treatment limitation of that type applied to substantially all medical/surgical benefits *in the same classification*" (emphasis added)); *see Anne M. v. United Behavioral Health*, No. 2:18-CV-808-TS, 2019 WL 1989644, at *2 (D. Utah May 6, 2019); *Vorpahl v. Harvard Pilgrim Health Ins. Co.*, No. 17-CV-10844-DJC, 2018 WL 3518511, at *4 (D. Mass. July 20, 2018) (observing that the plaintiff alleged defendant "differentially applies a facially neutral plan term" in an as-applied Parity Act challenge); *Welp v. Cigna Health & Life Ins. Co.*, No. 17-80237-CIV, 2017 WL 3263138, at *6 (S.D. Fla. July 20, 2017) (unpublished) (requiring a plaintiff to identify, "at the very least, . . . the treatments in the medical/surgical arena that are analogous to the sought-after mental health/substance abuse benefit and allege that there is a disparity in their limitation criteria").

[59] Motion to Dismiss at 2.

medical/surgical benefits and mental health/substance use disorder benefits.[60] But Defendant argues that Plaintiffs have failed to plead the remaining elements.[61]

Plaintiffs asserting an as-applied claim for discrimination generally must do more than state conceptually that they were treated worse than others. They must allege facts showing how that happened. In other words, they must plead facts involving actual, real-world, discrimination, not just a theoretical possibility. Like other claims involving discrimination, Parity Act claims are necessarily comparative. For example, to plead discrimination under Title VII, plaintiffs must allege facts suggesting that they were treated differently and worse than others who were similarly situated.[62] In other words, plaintiffs must allege facts about their own experience *and* they must allege facts regarding "similarly situated employees who were treated differently."[63]

---

[60] Amended Complaint at ¶ 3.

[61] Motion to Dismiss at 11. Defendant also asks the court to apply a Parity Act pleading standard requiring a plaintiff to "identify a specific limitation in his plan applicable to behavioral health treatment." *Id.* The court declines to adopt this standard because Plaintiffs assert an as-applied Parity Act violation. *See* 29 C.F.R. § 2590.712(c)(4)(i) (prohibiting imposition of a "nonquantitative treatment limitation with respect to mental health or substance use disorder benefits in any classification unless, under the terms of the plan (or health insurance coverage) as written *and in operation*, any processes, strategies, evidentiary standards, or other factors used in applying the nonquantitative treatment limitation to mental health or substance use disorder benefits in the classification are comparable to, and are applied no more stringently than, the processes, strategies, evidentiary standards, or other factors used in applying the limitation with respect to medical/surgical benefits in the classification" (emphasis added)).

[62] To set forth a plausible claim of discrimination under Title VII, a plaintiff must plead "(1) she is a member of a protected class, (2) she suffered an adverse employment action, (3) she qualified for the position at issue, and (4) she was treated less favorably than others not in the protected class." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). The court notes that this framework, subject to burden-shifting under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), does not apply where a discrimination plaintiff alleges direct evidence of discrimination.

[63] *See, e.g.*, *Khalik v. United Air Lines*, 671 F.3d 1188, 1194 (10th Cir. 2012) (striking a Title VII discrimination plaintiff's conclusory allegations and, considering the remaining allegations, affirming dismissal because "[t]here are no allegations of similarly situated employees who were treated differently"); *Golod v. Bank of Am. Corp.*, 403 F. App'x 699, 702 (3d Cir. 2010) (unpublished) (affirming dismissal of a discrimination claim where plaintiff "did not provide any characteristics of those individuals who received the promotions to which she alleges she was entitled," and "did not provide any factual allegations regarding those promotions, who rejected her promotion requests and whether she was, in fact, qualified to fill those positions"); *Mandell v. County of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) ("A plaintiff relying on disparate treatment evidence must show she was similarly situated in all material respects to the individuals with whom she seeks to compare herself." (citation and internal quotation marks omitted)); *see generally* 42 U.S.C. § 2000e-2.

While extensive, specific facts are not required, "some facts are."[64] The Supreme Court has made it clear that pure notice pleading is insufficient post-*Iqbal/Twombly*, explaining, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[65]

In this case, Plaintiffs have sufficiently alleged facts regarding their own experience. But that is only one side of the required comparison. The Amended Complaint, like the Complaint before it, contains only conclusory statements about the alleged as-applied discrimination involving the comparator individuals or group. The Amended Complaint offers conclusions like: "the Plan does not require individuals receiving treatment at sub-acute inpatient facilities for medical/surgical conditions to satisfy acute medical necessity criteria in order to receive Plan benefits;" "[the Plan] does not impose acute requirements such as these in order for Plan members to receive care at the sub-acute medical or surgical level of care such as skilled nursing facilities or inpatient rehabilitation facilities;" and "the Plan denied coverage for mental health benefits when the analogous levels of medical or surgical benefits would have been paid."[66] Each of these conclusions says the same thing—Defendant treats individuals seeking medical or surgical benefits differently—while providing no factual allegations about such disparate treatment actually happening. Plaintiffs' "general assertions" of differential treatment, "without any details whatsoever" of how Defendant treated comparator medical claims, are "insufficient to survive a motion to dismiss."[67]

---

[64] *Khalik*, 671 F.3d at 1193.

[65] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[66] Amended Complaint at ¶¶ 76, 77, 81.

[67] *See Khalik*, 671 F.3d at 1193.

And therein lies the problem. No facts about the relevant comparator individuals or group precede or follow each conclusory statement. Plaintiffs present facts about their own mental health treatment coverage experience but offer only conclusory statements or legal conclusions about alleged analogous medical/surgical comparators. A legal conclusion "couched as a factual allegation" need not be accepted as true in the context of a motion to dismiss, and conclusory statements are insufficient under *Iqbal* and *Twombly* to carry a plaintiff's burden under Rule 8.[68] Facts about the defendant's conduct with respect to mental health treatment coverage are absolutely necessary, but alone are not sufficient to state a Parity Act claim because they form only part of the required factual pairing. Although Plaintiffs identify skilled nursing facilities and inpatient hospice care as medical/surgical analogs to the residential treatment and wilderness therapy at issue, they allege no facts regarding these comparator treatments.[69] Without some facts about actual, as-applied, analogous medical treatment coverage, other than labels and conclusions, there can be no comparison and hence no claim. That is, the court requires

---

[68] *Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."); *Iqbal*, 556 U.S. at 678–79 (explaining that the relaxed pleading requirements in Rule 8 of the Federal Rules of Civil Procedure "marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions").

[69] For example, Plaintiffs identify a facially neutral plan term—intermediate-care medical necessity—and medical/surgical treatment analogues but offer only conclusory assertions regarding United's application of the plan term to the analogous treatment. Plaintiffs generally assert that United did not "exclude or restrict coverage" of medical/surgical "sub-acute inpatient treatment settings such as skilled nursing facilities, inpatient hospice care, and rehabilitation facilities . . . based on medical necessity, geographic location, facility type, provider specialty, or other criteria." Amended Complaint at ¶ 75. Plaintiffs further state, "When United and the Plan receive claims for intermediate level treatment of medical and surgical conditions, they provide benefits and pay the claims as outlined in the terms of the Plan based on generally accepted standards of medical practice." *Id.* at ¶ 81. These naked allegations make Parity Act violations conceivable, "but without some further factual enhancement it stops short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557 (citation, brackets, and internal quotation marks omitted); *see id.* at 570 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").

"plausible grounds to infer" Defendants actually applied a more restrictive treatment limitation to mental health benefits than it applied to comparable medical/surgical benefits.[70]

Plaintiffs' amended allegations are insufficient to state an as-applied Parity Act claim because the allegations are untethered to any factual support to show that claims for analogous medical/surgical benefits are, in fact, treated differently. Plaintiffs' recitals of the elements of a Parity Act claim "supported by mere conclusory statements do not count as well-pleaded facts" necessary to survive a motion to dismiss.[71] Accordingly, Plaintiffs' Parity Act claim must be dismissed.

## ORDER

Defendant's Motion to Dismiss is DENIED in part and GRANTED in part. Plaintiffs' second cause of action for relief under the Parity Act is dismissed with prejudice.

Signed April 2, 2020.

BY THE COURT

David Barlow
United States District Judge

---

[70] *See Twombly*, 550 U.S. at 556 (2007).
[71] *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018).